UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                            Case No. 8:05-CR-492-T-27MAP

HECTOR OSBALDO PAYAN-BAEZ
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss the Indictment Due to Post Indictment Delay (Dkt. 13) and the Government's opposition (Dkt. 16). An evidentiary hearing was conducted on September 9, 2010. At the conclusion of the hearing, the Court announced findings of fact and conclusions of law, which are incorporated herein by reference.[1]

Based on the evidence presented, the Court finds and concludes that the nearly five year delay between the return of the Indictment on November 16, 2005 and Defendant's scheduled trial on the September 7, 2010 trial docket did not violate Defendant's constitutional right to a speedy trial. Defendant's Motion to Dismiss the Indictment Due to Post Indictment Delay (Dkt. 13) is accordingly DENIED.

On November 7, 2005, Defendant was administratively detained after being found in the Tampa. Although he gave a false name and date of birth to the agents, they discovered his true identity, or what they understood was his true identity, after running his fingerprints. They also learned that he was convicted of a felony in 2001 in Arizona and that, as a result, an Immigration Judge had rendered an Order of Removal and Defendant had been deported.

---

[1] This Order serves to memorialize those findings and conclusions but is not, for the sake of efficiency, comprehensive.

The Border Patrol case agent immediately referred the case to the United States Attorney's Office for prosecution. Defendant was indicted on November 16, 2005. However, on the same day, and unbeknownst to the case agent, Defendant was removed to Mexico pursuant to the 2001 Order of Removal. Upon learning that Defendant had been removed, the case agent immediately placed an alert in the Border Patrol system, after inputting Defendant's fingerprints and identifying information. For the first year after the removal, he monitored the system monthly and thereafter on a regular basis, continuously maintaining Defendant's file as active.

In essence, the case agent did all that he reasonably could have done under the circumstances after learning that Defendant had been removed to Mexico. The only information he had which identified Defendant, was what Defendant had provided to Immigration and the Border Patrol, none of which could be verified. Extradition accordingly would have proved futile. Notwithstanding the Government's obligation to make good faith efforts to have Defendant returned, it was not required to "pursue futile legal gestures." *United States v. Bagga*, 782 F.2d 1541, 1543 (11th Cir. 1986).

Further, in removing Defendant in 2005, the Government acted in good faith in executing the Order of Removal which had been effectively reactivated by Defendant's return to the United States. That Defendant was removed simultaneously with the return of the Indictment was certainly not deliberate or intentional. At most, it was inadvertent or merely negligent.

Moreover, after his removal, Defendant was at liberty and residing in Mexico.[2] Under these circumstances, the scale is not tipped in favor of Defendant on the second factor of the *Barker v. Wingo* test.[3] *See United States v. Bagga, supra*; *United States v. Spaulding*, 322 Fed. Appx. 942, 946

---

[2] Defendant was found in the United States on June 21, 2010. He testified that he returned to the United States in February, 2010. For the reasons stated at the conclusion of the hearing, however, Defendant's credibility was not good, and it cannot be determined when he actually returned to the United States.

[3] *Barker v. Wingo*, 407 U.S. 514 (1972).

(11th Cir. 2009), *cert. denied*, 130 S.Ct. 767 (2009). Even if the Government could have done more to avoid Defendant's removal after he was indicted, its failure to do so was not egregious considering the Order of Removal and the unanticipated "quick" removal of Defendant on the very day he was indicted.

Applying the four factor balancing test of *Barker v. Wingo*, 407 U.S. at 530, the Court determines that the first three factors do not weigh heavily against the Government. Defendant has not shown prejudice resulting from the complained of delay. Accordingly, his constitutional right to a speedy trial has not been violated.[4] Specifically, although the length of the delay is presumptively prejudicial, the reasons for the delay do not weigh heavily against the Government, considering its good faith deportation of Defendant to Mexico simultaneously with the return of the indictment pursuant to the 2001 Order of Removal, and the Border Patrol's diligent monitoring for any indication that Defendant had been encountered in the United States during the period of delay.[5] As Defendant has not and cannot show prejudice from that delay, there was no constitutional violation.

**DONE AND ORDERED** in chambers this 9th day of September, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[4] *See United States v. Villarreal*, ___ F.3d ___, 2010 WL 3191840 (11th Cir. 2010).

[5] Indeed, Defendant's original illegal entry into the United States and his conviction in Arizona set in motion the chain of events resulting in his indictment and simultaneous removal to Mexico in 2005. Had Defendant not returned to the United States after being deported in violation of the Order of Removal, he would not have been subject to indictment in 2005. He is not, therefore, without some responsibility for the post-indictment delay.